SIDNEY L. SHANNON, EXECUTOR, ESTATE OF GRACE WARDEN SHAN-NON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21822. Promulgated May 28, 1929.

*C. B. Garnett, Esq.,* for the petitioner.
*R. H. Ritterbush, Esq.,* for the respondent.

OPINION.

PHILLIPS: A decision in this proceeding involves consideration of the provisions of section 403 of the Revenue Act of 1921. That section provides for the deduction of:

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified

as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided*, That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916.

Paragraph (1) of subdivision (a) of the section provides for the deduction of funeral expenses, administration expenses, claims against the estate, unpaid mortgages, etc. Paragraph (3) provides for the deduction of certain bequests for religious, charitable and like purposes. There is no dispute that in the instant case the bulk of the petitioner's estate was received from her father, who died within five years preceding her death and whose estate paid a Federal estate tax. While the property identified as received by the decedent from the estate of her father was valued at $951,356.99 as of the date of the decedent's death, the amount of the deduction which might have been made under paragraph (2), quoted above, was determined by the Commissioner to be $632,837.51. This was due to the provision that the deduction should not exceed the value at which the property was taxed as a part of the gross estate of the prior decedent. The petitioner raises no objection to such valuation.

The Commissioner, however, further reduced the deduction allowed under paragraph (2) by the amount allowed under paragraph (1) of section 403, upon the ground that there was no evidence to show that the deductions allowed by paragraph (1) were paid from property other than that which falls within paragraph (2) of this section.

The petitioner takes the position that since the estate of this decedent included property of a value of $103,983.41 which was not received from the prior decedent, the deduction under paragraph (2) of section 403 was improperly reduced by such amount. To support 'his contention, petitioner relies upon our decisions in *John F. Archbold, Executor*, 8 B. T. A. 919, affd., 30 Fed. (2d) 774; *Northern Trust Co., Executor*, 9 B. T. A. 1310; and *Seaboard National Bank, Executor*, 11 B. T. A. 1386. In each of these cases the question presented was the extent to which the deduction for previously taxed property was to be reduced by the payment of charges against the estate. In the first two cases cited there was a commingling of funds realized from the sale of property received from the prior decedent and other property of the decedent. The proceeds of the sale of other property which went into the fund were at all times sufficient to pay the withdrawals without necessity

of recourse to the deposits which represented proceeds of the sale of property received from the estate of the previous decedent. In these cases we held, as did the Circuit Court, *supra*, that in such circumstances the debts and other charges were to be regarded as paid from the other property of the decedent and that the deduction for previously taxed property was not to be reduced by reason of such payments.

In *Seaboard National Bank, Executors, supra*, charges against the estate were paid from commingled funds. The situation there differed from that presented in the previous cases in that the proceeds of the property, other than that received from the prior decedent, which went into the bank account from which the payments were made were insufficient to make such payments. A part of the proceeds of the previously taxed property was used to make such payments. It appeared, however, that this was unnecessary; that there was other property in the hands of the executor which did not come from the estate of the prior decedent, which was subject to the payment of such charges and more than sufficient for such purposes. There we reached the conclusion that the deduction for previously taxed property and the deduction for charges against the estate should both be allowed in full. It was our opinion that to the extent that the property of the decedent, other than previously taxed property, came into the hands of the executor and was subject to the payment of debts, it might be allocated to that purpose without considering whether the executor made payments out of such funds or out of funds realized from the sale of property received from the estate of the prior decedent. The deduction under paragraph (2) of section 403 was measured by values and ear-marking of the property was thought to be unnecessary. Consequently, we reached the conclusion that the amount of the deduction for previously taxed property was not to be affected by the fortunate or unfortunate act of the executor in choosing the particular assets from which charges against the estate would be paid. So long as the property of the decedent not received from the prior decedent was sufficient to pay the charges against the estate, no double deduction resulted and this, we considered, was the end which Congress sought.

In the instant case a substantial part of the estate which was not received from the previous decedent was real estate, while more than half of the property received from the prior decedent consisted of personal property. Personal property is the primary fund for the payment of debts and other charges and real estate is subject to their payment only after the personal property has been exhausted. We state the general rule because there is nothing in the record which indicates that the decedent made any other provisions. The personal

property in the estate of this decedent was sufficient to pay all charges against the estate, but to do so it was necessary that recourse be had to property received from the prior decedent. The executor could pay debts, funeral charges, administration expenses and other such charges only to the extent of $31,068.41 without having recourse to the property which came to the decedent from her father's estate. We are consequently of the opinion that under prior decisions of the Board the Commissioner was in error to the extent that he failed to apply this amount to the deduction allowed under paragraph (1) of section 403. See *Fidelity Union Trust Co., Executor*, 6 B. T. A. 125.

It does not follow, however, that, because it was necessary to resort to the previously taxed property to the extent of $85,837.65 to pay debts and administration charges, this amount is to be deducted from the value at which such property was included in the estate of the prior decedent. It will be noted that there was appreciation in value of these assets of some $300,000 between the death of the prior decedent and the death of the present decedent. The statute may have been framed with such a situation in mind, for it is sufficiently broad to permit deductions under paragraphs (1) and (3) of section 403 to be applied in effect against such appreciation without affecting the amount of the deduction which would otherwise be allowed under paragraph (2).

An analysis of that paragraph readily discloses its operation to accomplish such a result. The first portion of the paragraph has to do with identification of the property of the present decedent as property of a prior decedent upon which an estate tax was paid. This hurdle need not trouble us here, since identification is admitted. The proviso sets out the measure of the deduction in two clauses, separated by a comma:

* * * This deduction shall be allowed * * * [a] only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and [b] only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section.

This proviso is not concerned with the property from which payment is made. It relates to value. The deduction is to be allowed to the extent that *the value* of such property is included in the decedent's gross estate and not deducted under paragraphs (1) and (3). Grammatically, the subject of this sentence is the word " value," not " property." The deduction may be allowed to the extent that value is included in the present estate and not deducted. Had it been the purpose of Congress to require that deductions under paragraphs (1) and (3) be used to reduce the value at which the prop-

erty was taxed to the prior estate, as the Commissioner has done in this case, apt words could have been chosen. The phraseology adopted makes it clear that the deductions under paragraphs (1) and (3) are to be charged against the value at which included in the present decedent's estate. In this manner such deductions may be applied against appreciation in values without permitting any double deduction of the same value.

Applying this paragraph to the present proceeding, we find that the property was taxed to the prior decedent at a value of $632,837.51. It is included in the estate of the present decedent at a value of $951,356.99, and is deducted under paragraph (1) to the extent of $116,906.06, even assuming that all of such deductions were in fact paid from such previously taxed property. The value of the previously taxed property is included in the gross estate and not deducted to the extent of the difference; viz: $834,450.93.

The property having once been identified as meeting the requirements of that part of paragraph (2) which precedes the word "*Provided*," and it having been established that an estate tax was paid by the estate of the prior decedent, it is our opinion that the deduction to be allowed is to be measured by the lesser of two values, viz.:

(1) the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent,

(2) the value of such property included in the decedent's gross estate and not deducted under paragraphs (1) and (3).

In this case the first of these values ($632,837.51) is less than the second ($834,450.93). The estate is therefore entitled to deduct $632,837.51 under paragraph (2) of subdivision (a) of section 403 of the Act.

We believe this to be not only the literal construction of the paragraph in question, but one which is in accord with the legislative history of this paragraph and the expressed intent of Congress. See *Seaboard National Bank, Executor*, 11 B. T. A. 1386. It is not open to the objection, as is the interpretation given the Act by the respondent, that the amount of the allowable deduction may vary depending upon whether the executor or administrator pays charges from funds realized from the sale of previously taxed property or from other property of the decedent. The amount of the deduction may be determined as of the date of decedent's death (*Ithaca Trust Co.* v. *United States*, 279 U. S. 15), and need not wait until all charges are paid to learn from what source such payments are made. If there is any doubt as to the intendment of the statute, it should be construed in such a way as to make for certainty and uniformity in its application.

Reviewed by the Board.

*Decision will be entered under Rule 50.*